UNITED STATES v. PROVENZANO.

(Circuit Court. S. D. New York. July 15, 1909.)

1. COUNTERFEITING (§§ 9, 11*)—STATUTES—CONSTRUCTION.
    Rev. St. § 5431 (U. S. Comp. St. 1901, p. 3671), declares that every person who, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, or sell, or brings into the United States with intent to pass, publish, utter, or sell, or keeps in possession or conceals with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be punished, etc. *Held*, that it is a crime, under such section, either to pass, utter, publish, or sell any counterfeit obligation of the United States, if done with intent to defraud, or to attempt to do so with like intent, or to bring such a counterfeited obligation into the United States, with intent to pass, publish, utter, or sell it, irrespective of an intent to defraud, and also to keep in possession or to conceal any counterfeit obligation or other security of the United States with like intent.
    [Ed. Note.—For other cases, see Counterfeiting, Dec. Dig. §§ 9, 11.*]

2. COUNTERFEITING (§ 16*)—STATUTES –"WITH LIKE INTENT"—INDICTMENT.
    The words "with like intent," as used in the part of the section prohibiting the bringing into the United States, with intent to pass, publish, utter, or sell, or keep in possession or conceal, any falsely made, forged, counterfeited, or altered obligation of the United States, refers only to the intent to defraud, and not to the intent to pass, publish, utter, or sell, so that an indictment charging possession with knowledge of the counterfeit character of the obligation was not defective for failure to charge an intent to pass, publish, utter, or sell the same, in addition to an intent to defraud.
    [Ed. Note.—For other cases, see Counterfeiting, Dec. Dig. § 16.*]

3. COUNTERFEITING (§ 9*)—"INTENT TO PASS, UTTER, OR SELL."
    The words "intent to pass, utter, or sell," in Rev. St. § 5431 (U. S. Comp. St. 1901, p. 3671), prohibiting the bringing into the United States, with intent to pass, publish, utter, or sell, any forged obligation of the United States, means to dispose of the same as genuine, and thus defraud the taker or takers.
    [Ed. Note.—For other cases, see Counterfeiting, Dec. Dig. § 9.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On Motion in Arrest of Judgment.

F. W. Bond, for the motion.

Henry A. Wise, opposed.

RAY, District Judge. Section 5431 of the Revised Statutes of the United States reads as follows:

"Every person who, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish or sell, or brings into the United States with intent to pass, publish, utter or sell, or keeps in possession or conceals with like intent any falsely made, forged, counterfeited, or altered obligation, or other security of the United States, shall be punished by a fine of not more than five thousand dollars, and by imprisonment at hard labor not more than fifteen years." U. S. Comp. St. 1901, p. 3671.

Under this section it is made a crime to pass, utter, publish, or sell any counterfeit obligation of the United States, if the act be done with intent to defraud. It is also a crime to attempt to pass, utter, publish, or sell any such counterfeit obligation, if done with intent to defraud. It is also made a crime to bring such a counterfeit obligation into the United States, with the intent to pass, publish, utter, or sell it, irrespective of intent to defraud. Then it is made a crime to keep in possession or conceal any falsely made, forged, or counterfeited obligation or other security of the United States "with like intent." It is contended that, where there is mere possession with knowledge of the counterfeit character of the obligation, it is necessary to charge in the indictment, and prove, not only an intent to defraud, but an intent to pass, publish, utter, or sell the same. In short, that one who passes, etc., or who attempts to pass, etc., must do so with intent to defraud, but that mere possession of such a counterfeit, and keeping in possession with knowledge of its character, and with intent to use it to defraud, is not a crime.

I do not so construe this section of the Revised Statutes. The words "with like intent" refer to the intent to defraud, not to all of the intents previously named, or to the intent attached to bringing counterfeits, etc., into the United States. Possession with intent to defraud, or with intent to pass, or utter, or sell, or publish, is sufficient. Mere possession with knowledge of the counterfeit character is not sufficient. There must be, with keeping in possession, an intent to defraud. An intent to pass or utter counterfeit silver certificates as good and genuine for a consideration would be an intent to defraud. It is plain that Congress intended to make the intent to defraud the criminal intent; for the section starts off by saying, "Every person who with intent to defraud" does certain things, or who attempts to do certain things, or who brings certain counterfeits into the United States with intent to pass, etc., or who keeps in possession or conceals any counterfeit, etc., "with like intent," meaning plainly the main intent first mentioned, is to be punished.

As the objection is as to the indictment, which charged an intent to defraud and did not charge an intent to pass, utter, publish, or sell, and the evidence showed possession of counterfeit silver certificates with knowledge of their character and an intent to pass, or utter, or sell same—that is, dispose of same as genuine—and thus defraud the tak-

er or takers, and the jury was told they must find such intents in order to convict, and did so find, I hold the conviction good. I am not willing to hold, in face of the statute referred to and quoted, that it is not a crime to have and keep in possession, knowing their spurious character, counterfeit silver or gold certificates, with intent to defraud some person or persons therewith. I think the statute, reasonably construed to effectuate the plain intent thereof, makes such a possession with such knowledge and such an intent a crime.

The motion in arrest of judgment is overruled.